529 F.2d 502
 78 Lab.Cas. P 11,254
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
and
Sperry Systems Management Division, Sperry Rand Corporation,
Intervenor,
v.
LOCAL 445, INTERNATIONAL UNION OF ELECTRICAL, RADIO &
MACHINE WORKERS, AFL-CIO, Respondent.
 No. 737, Docket 75--4237.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 14, 1976.
Decided Feb. 10, 1976.
 
 James M. Hirschhorn, Atty., NLRB, Washington, D.C. (John S. Irving, Jr., Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, and Paul J. Spielberg, Atty., NLRB, Washington, D.C., of counsel), for petitioner.
 Eric Rosenfeld, New York City (Poletti Freidin Prashker Feldman & Gartner, New York City), for intervenor.
 Everett E. Lewis, New York City (Vladeck, Elias, Vladeck & Lewis, P.C., New York City), for respondent.
 Before LUMBARD, SMITH and MANSFIELD, Circuit Judges.
 J. JOSEPH SMITH, Circuit Judge:
 
 
 1
 Pursuant to § 10(e) of the National Labor Relations Act, 29 U.S.C. § 160(e), the National Labor Relations Board has petitioned this court for enforcement of its proposed cease and desist order against Local 445 of the International Union of Electrical, Radio and Machine Workers, AFL--CIO (hereinafter Local 445). The Board's order stems from the finding of this court that Local 445 violated § 8(b)(3) of the National Labor Relations Act, 29 U.S.C. § 158(b)(3), by its invocation of certain grievance and arbitration mechanisms against the Sperry Systems Management Division of the Sperry Rand Corporation. Sperry Systems Management Division, Sperry Rand Corp. v. NLRB, 492 F.2d 63, cert. denied, 419 U.S. 831, 95 S.Ct. 55, 42 L.Ed.2d 57 (1974).
 
 
 2
 Local 445 makes no effort here to contest the finding that it violated § 8(b) (3). However, Local 445 does object to portions of the remedial order proposed by the Board. In particular, Local 445 argues that certain proposed prohibitions on its use of grievance and arbitration procedures are overly-broad and that this court should accordingly modify the Board's order.
 
 
 3
 After examining the contentions of the parties, we conclude that the order proposed by the Board falls within the scope of the Board's power to fashion remedies for violations of the National Labor Relations Act. We accordingly decline to modify the order, and we enforce the order as proposed by the Board.
 
 
 4
 Since the history of this case has been analyzed by our brethren in Sperry Systems, we discuss only the essential details of this controversy. Local 445 is the certified bargaining agent for certain Sperry Rand employees in the New York metropolitan area. When Sperry Rand opened a small facility in Vallejo, California, Local 445 attempted to force Sperry Rand to apply the terms of Local 445's collective bargaining agreement to those California employees.
 
 
 5
 Sperry Rand refused, contending that its California employees were not members of Local 445 and that the contract between Sperry Rand and Local 445 was limited in application to the Local 445 bargaining unit which, in turn, was limited in its certification to the New York area. Nevertheless, Local 445 persisted in the use of the available arbitration and grievance procedures in order to force application of its collective bargaining agreement to the California employees of Sperry Rand.
 
 
 6
 Upon the petition of Sperry Rand, this court held that the actions of Local 445 had violated § 8(b)(3) of the National Labor Relations Act. The court found that Local 445's actions vis-a-vis the California employees constituted an attempt by Local 445 to expand its bargaining unit to include those employees. Such attempted expansion, subsequent to Board certification of the New York limits of the bargaining unit, was held, on the authority of Douds v. International Longshoremen's Association, 241 F.2d 278 (2d Cir. 1957), and Smith Steel Workers v. A. O. Smith Corp., 420 F.2d 1 (7th Cir. 1969), to have violated § 8(b)(3).
 
 
 7
 In response to the ruling of this court, the Board has fashioned a proposed order for enforcement against Local 445. It is that order which is at issue here.
 
 
 8
 Two of the order's three paragraphs are not challenged by Local 445. Those paragraphs enjoin Local 445 from again invoking its grievance and arbitration machinery in an attempt to apply its collective bargaining agreement to Sperry Rand employees in Vallejo, California. In addition, the uncontested provisions of the order enjoin Local 445 from using arbitration and grievance machinery to include the Vallejo employees within Local 445's bargaining unit.[1]
 
 
 9
 However, the challenged provisions of the Board's order also enjoin Local 445 from using arbitration and grievance machinery to expand the occupational boundaries of its New York bargaining unit.[2] In particular, paragraph (c) of the proposed order enjoins Local 445 from using grievance and arbitration procedures to expand its New York bargaining unit to include Sperry Rand job categories and employees presently outside the bargaining unit. In effect, this part of the order requires Local 445 to accomplish all future changes in the boundaries of its bargaining unit through statutory recertification by the Board, 29 U.S.C. § 159, rather than through negotiation and arbitration with Sperry Rand.
 
 
 10
 Local 445 opposes the restrictions of paragraph (c) on the ground that they are overly-broad. Local 445's argument runs as follows: The attempted expansion which violated § 8(b)(3) was an effort to expand Local 445's New York bargaining unit geographically to include Vallejo, California. However, paragraph (c) forbids Local 445 from expanding its bargaining unit occupationally, except through the statutory procedures of the National Labor Relations Act. Since the violation giving rise to the order was an attempted geographic expansion, there is, according to Local 445, no reason to limit occupational expansion of the bargaining unit within the New York area.
 
 
 11
 We find this argument to be without merit. While the Board's order is not necessarily the remedy we would have fashioned, it is within the Board's power and discretion. The Board can exercise a good measure of leeway in fashioning appropriate remedies. In particular, the Board may issue cease and desist orders which prohibit the recurrence of acts which are 'like or related' to the acts which gave rise to the statutory violation. NLRB v. Express Publishing Co., 312 U.S. 426, 61 S.Ct. 693, 85 L.Ed. 930 (1941).
 
 
 12
 Our analysis of the policies underlying § 8(b)(3) leads us to conclude that the actions barred by paragraph (c) of the proposed order are 'like' the actions which gave rise to Local 445's statutory violation, since both types of actions disrupt the collective bargaining process by diverting the bargaining from substantive issues to the question of bargaining unit definition.
 
 
 13
 The acts which gave rise to Local 445's § 8(b)(3) violation are disapproved of by the law because they erode the stability of the collective bargaining process. For that process to proceed on a sound footing, it is necessary that both labor and management understand and accept the boundaries of the bargaining unit. If those boundaries are uncertain, in constant flux or under perpetual challenge, labor and management are deflected from dealing with substantive issues and are instead preoccupied with procedural issues within the Board's ultimate control, i.e., determination of the bargaining unit.
 
 
 14
 Accordingly, the courts have declared that, under certain circumstances, bad faith challenges to bargaining unit boundaries violate § 8(b)(3) by forcing attention from substantive issues and casting unnecessary doubt upon the coverage of the bargaining process. Douds, supra; Smith Steel Workers, supra.
 
 
 15
 Damage results to the collective bargaining process whether the boundaries of the bargaining unit are challenged on an occupational basis or a geographic basis. Either type of unwarranted challenge undermines the collective bargaining process by undertaking to bargain for employees outside the certified unit, diverting the bargaining from its legitimate purposes.
 
 
 16
 Local 445's actions with respect to the California employees of Sperry Rand evinced an improper disregard for these considerations and, accordingly, led the Board to conclude that Local 445 has a propensity to undermine the bargaining process by unwarranted challenges to the boundaries of its bargaining unit. The Board's order corrects for this propensity by requiring Board approval of all future bargaining unit redefinitions.
 
 
 17
 In terms of the policies behind § 8(b)(3), it makes no difference whether bargaining unit boundary challenges are made on a geographic or occupational basis. Either type of challenge if used in bad faith undermines the stability of the bargaining unit's boundaries and therefore undermines the collective bargaining process.
 
 
 18
 Thus, a challenge to a bargaining unit on occupational grounds is 'like' a challenge on geographic grounds. Both types of challenges have the same deleterious effect upon the bargaining process, and it is not unreasonable for the Board to conclude that a union which has mounted one type of challenge in bad faith may not also mount the other.
 
 
 19
 Accordingly, we conclude that the restrictions of paragraph (c) serve to prevent Local 445 from using its arbitration and grievance machinery to commit acts 'like' the act which gave rise to its § 8(b)(3) violation. Since paragraph (c) is within the Board's power under Express Publishing, we decline to strike it from the proposed order.
 
 
 20
 The Board's order is enforced without modification.
 
 
 
 [1]
 The uncontested provisions of the proposed order enjoin Local 445 from
 (a) Using, or attempting to use, the grievance and arbitration procedures established by its collective-bargaining agreement with Sperry Systems Management Division, Sperry Rand Corporation, covering the certified unit of Metropolitan New York City area employees described below, for the purpose of compelling Sperry Rand to apply the substantive terms of that agreement to unrepresented technical employees engaged by that Company at its Vallejo, California, plant.
 (b) In any other manner using the collective-bargaining process as established for the unit of the below-described employees as a means of protesting or otherwise determining the wages, hours, and working conditions of unrepresented employee at Sperry's Vallejo, California, facilities.
 
 
 [2]
 The provision of the order at issue here enjoins Local 445 from
 (c) Attempting in any like or related manner to expand its established collective-bargaining relationship beyond the bounds of the unit composed of the following employees:
 All draftsmen, engineering aides, industrial illustrators, material lab assistants I and II, materials test coordinators, arts catalogue writers I and II, senior draftsmen, senior draftsmen trainees, senior industrial illustrators, technical illustrators I, II, III, and IV, development technicians and engineering writers I and II, employed at Sperry's plants in Metropolitan New York City, including Nassau and Suffolk Counties, on temporary assignments wherever located from said plants; and/or temporary or permanent assignments from said plants to guards, watchmen, professional employees and supervisors as defined in the Act and all other employees not employed in the included classifications.